**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

PAMELA J. SMITH, Administratrix of
the Estate of Cecil E. Smith,
deceased,
<u>Plaintiff-Appellant,</u>

v.

No. 95-1257

MEADOW RIVER COAL COMPANY, a
Kentucky corporation; FOULKE
MEADOW RIVER LANDS TRUST, a
Pennsylvania entity,
<u>Defendants-Appellees.</u>

PAMELA J. SMITH, Administratrix of
the Estate of Cecil E. Smith,
deceased,
<u>Plaintiff-Appellee,</u>

v.

MEADOW RIVER COAL COMPANY, a

No. 95-1300

Kentucky corporation,
<u>Defendant-Appellant,</u>

and

FOULKE MEADOW RIVER LANDS
TRUST, a Pennsylvania entity,
<u>Defendant.</u>

Appeals from the United States District Court
for the Southern District of West Virginia, at Beckley.
Elizabeth V. Hallanan, District Judge.
(CA-92-442-5)

Argued: January 29, 1996

Decided: March 18, 1996

Before WILKINSON, Chief Judge, HAMILTON, Circuit Judge, and BLAKE, United States District Judge for the District of Maryland, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Tony Lee O'Dell, BERTHOLD & TIANO, Charleston, West Virginia, for Appellant. Winfield Turley Shaffer, JACKSON & KELLY, Charleston, West Virginia, for Appellees. **ON BRIEF:** J. Rudy Martin, JACKSON & KELLY, Charleston, West Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In this diversity case, appellant Pamela J. Smith alleges that appellees Meadow River Coal Co. and Foulke Meadow River Lands Trust were negligent in maintaining the property on which her husband's death occurred. We agree with the district court that summary judgment in favor of Meadow River and Foulke was warranted, and accordingly affirm its judgment.

I.

On December 14, 1991, appellant's husband, Cecil E. Smith, was killed while driving to his place of employment at Meadow River's

coal mine. The land on which the accident occurred is owned by Foulke; Foulke leases the land to Meadow River to operate its mine. Smith's jeep struck an open gate post on a private access road leading to the mine. The gate post impaled Smith's body, and he died soon thereafter from his injuries. Meadow River had erected the gate years before.

Appellant, the administratrix of her husband's estate, filed suit contending that Meadow River was negligent in constructing and maintaining the gate. W. Va. Code § 23-4-2. She also alleges that Foulke violated its duty as landowner to provide a reasonably safe workplace. W. Va. Code § 21-3-1. In response, Meadow River and Foulke filed motions seeking summary judgment. The district court stayed the proceedings pending resolution of appellant's workers' compensation claim. She prevailed in that claim, and now receives benefits at a level appropriate for a total permanent disability. Following resolution of the workers' compensation claim, the district court granted Foulke's and Meadow River's summary judgment motions on November 21 and 22, 1994.

II.

To recover against Foulke, appellant must demonstrate that Foulke breached its duty to provide a reasonably safe workplace. W. Va. Code § 21-3-1. The landowner's duty "is limited to providing a reasonably safe workpace, unless the owner continues to exercise control of the place of employment." Henderson v. Meredith Lumber Co., 438 S.E.2d 324, 326 (W. Va. 1993). "When the owner of a place of employment provides a reasonably safe workplace and exercises no control thereafter, the owner has complied with the responsibilities imposed under" W. Va. Code § 21-3-1. Id. at 326-27. There is no evidence here that the land was not in a reasonably safe condition when Foulke initially leased the property to Meadow River. Under the terms of the lease, Meadow River constructed the road and assumed full responsibility for its maintenance. As a result, that Foulke may on occasion have granted access to the road for other uses does not meet the conditions for imposing liability; Foulke did not maintain supervision and control over the road. The district court appropriately found in favor of Foulke.

3

III.

With respect to appellant's claims against Meadow River, an award of workers' compensation generally immunizes employers from negligence suits. W. Va. Code § 23-2-6. To overcome this immunity, appellant must establish that Meadow River acted with "deliberate intention" to cause injury, a proof that requires satisfying all five elements of a Mandolidis cause of action. See W. Va. Code § 23-4-2(c)(2); Mandolidis v. Elkins Indus., Inc., 246 S.E.2d 907 (W. Va. 1978). The district court correctly concluded that appellant failed to carry this burden.

First, the open gate post does not represent a "specific unsafe working condition" with a "strong probability of serious injury or death." W. Va. Code § 23-4-2(c)(2)(ii)(A). The gate post had been in the same position for at least a month, and many vehicles had passed through without incident. Second, there is no evidence that Meadow River had actual knowledge of the danger. W. Va. Code § 23-4-2(c)(2)(ii)(B). Third, appellant has not shown that Meadow River infringed any state or federal safety regulation in its handling of the gate post. W. Va. Code § 23-4-2(c)(2)(ii)(C). Fourth, appellant failed to raise any colorable evidence suggesting that Meadow River intentionally exposed the decedent to a dangerous condition. W. Va. Code § 23-4-2(c)(2)(ii)(D). The only one of the five elements of a Mandolidis claim that appellant may satisfy is the fifth one -- that of proximate causation. W. Va. Code § 23-4-2(c)(2)(ii)(E). But appellant needs to establish all of the five elements in order to prevail, not just one, and her claims are plainly insufficient with respect to the other four.

IV.

For the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED

4